PER CURIAM.
| ¶ This proceeding arises out of an application for reinstatement filed by petitioner, Scott M. Hawkins, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Hawkins, 10-1093 (La. 7/2/10), 38 So. 3d 263, we accepted a petition for consent discipline and imposed a two-year suspension upon petitioner following his guilty plea to two criminal offenses involving battery. Petitioner was also placed on two years of probation, subject to the following conditions:
1. He shall enter into a two-year diagnostic monitoring contract with the Lawyers Assistance Program (“LAP”) to include abstinence from all addictive substances including alcohol. The contract should include random urine drug screens and ETG. Any non-compliance or positive screens should result in a full five-day evaluation.
2. He shall attend regular counseling sessions with an experienced counselor approved by LAP to deal with ongoing personality features, interpersonal relationships, poor judgment, and dimensional personality issues. Quarterly reports on his progress in therapy should be sent to LAP.
Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set |?forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee, recommended that petitioner be reinstated to the practice of law, subject to two years of probation with conditions. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and reinstate petitioner to the practice of law. As found by the committee, the record provides clear and convincing evidence of petitioner’s compliance with the reinstatement criteria. Under these circumstances, petitioner has shown that he possesses the requisite competence, honesty, and integrity to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will grant the petition for reinstatement and reinstate petitioner to the practice of law, subject to a two-year period of probation with the following conditions:
1. Petitioner shall refrain from all use of alcohol and illegal drugs and refrain from abusing prescription and non-prescription medication;
2. Petitioner shall enter into a new five-year LAP contract;
3. Petitioner shall be subject to random alcohol and drug testing to be conducted under the direction of *1175 LAP at petitioner’s cost and expense;
4. A practice monitor shall be appointed by the disciplinary board to monitor petitioner’s law practice, including monitoring for compliance with trust account rules, accounting procedures, law office management procedures, adequate communication with clients, diligence in the representation of [¡¡clients, and otherwise verifying compliance with the Rules of Professional Conduct;
5. Petitioner shall enroll in and successfully complete the Louisiana State Bar Association’s Ethics School;
6. Petitioner must not violate Rules of Professional Conduct throughout the period of his conditional reinstatement; and
7. Should petitioner have a disciplinary complaint lodged against him at any time during the period of his conditional reinstatement, he must promptly and fully cooperate with the ODC’s investigation.
Any failure of petitioner to comply with these conditions may be grounds for immediately placing him in interim suspension.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Scott M. Hawkins, Louisiana Bar Roll number 27498, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of probation with conditions set forth herein. All costs of these proceedings are assessed against petitioner.
GUIDRY, J., would deny.
CLARK, J., dissents and assigns reasons.